IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DARDEN WOODFORD and**
**FRANCINE WOODFORD,**

      **Plaintiffs,**

**v().**                          **Civil Action No.: 2:21-CV-02**
                                       **(Judge Kleeh)**
**ARCH COAL, INC. and**
**WOLF RUN MINING, LLC,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION FOR LEAVE TO FILE AMENDED ANSWER [ECF NO. 23]**

Pending before the Court is Defendants' Motion for Leave to File Amended Answer [ECF No. 23]. Plaintiff responded in opposition, and Defendants replied in support. ECF Nos. 25, 27. For the reasons discussed herein, Defendants' motion is **GRANTED**.

**I.   FACTUAL BACKGROUND**

Plaintiffs Darden and Francine Woodford bring claims against Defendants Arch Coal, Inc. and Wolf Run Mining, LLC, for injuries Darden Woodford allegedly suffered as a coal miner while employed by Defendants. Compl., ECF No. 1-5 at ¶¶ 1, 2, 15 and 16. Those injuries were, allegedly, cause by Defendants' unsafe workplace and dangerous mining activities. Id. at ¶ 3. Specifically, Plaintiffs allege Darden Woodford worked for Defendants. Id. at ¶ 17. Darden Woodford allegedly was injured when a scoop operator ran into him while he was preparing to move a ventilation curtain. Id. at ¶ 9. On August 13, 2020, he was injured, as Plaintiffs

allege, because of Defendants' violation of W. Va. Code § 23-4-2(d)(2)(B)(i)(v). Id. at ¶ 18. Plaintiffs also allege Francine Woodford has suffered a loss of consortium because of Darden Woodford's permanent injuries. Id. at ¶¶ 20 and 21.

## II.   PROCEDURAL HISTORY

Plaintiffs filed their complaint in the Circuit Court of Barbour County, West Virginia on November 25, 2020. Id. Defendants removed the matter to this Court on January 20, 2021. ECF No. 1. This Court entered its Scheduling Order on March 11, 2021. ECF No. 6. Thereafter, Defendants moved to stay the matter pending final determination of Darden Woodford's underlying workers' compensation claim. ECF No. 8. Plaintiffs responded noting they did not object to a stay because no final award on that administrative claim had been made. ECF No. 9. Plaintiff conceded a six (6) month stay was appropriate and requested a status conference in October 2021. Id. The Court granted Defendants' motion, stayed this matter for six (6) months and set a status conference for October 7, 2021. ECF No. 12.

In the administrative workers' compensation claim, Darden Woodford was determined, after this civil action was initiated, to have reached maximum medical improvement and was awarded a 17% permanent partial disability award on September 10, 2021. ECF No. 13-1. His protest of that award was acknowledged by the Workers' Compensation Office of Judges on September 17, 2021. ECF No. 14-

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR LEAVE TO FILE AMENDED ANSWER [ECF NO. 23]**

1. The Office of Judges set deadlines for submission of evidence on that protest: February 14, 2022 for the protesting party and July 15, 2022 for the responding party. Id. In the meantime, the Court granted in part and denied in part Plaintiffs' motion to lift stay [ECF No. 13], finding it appropriate to permit discovery on Plaintiffs' liability case pending resolution of Plaintiff Darden Woodford's administrative protest of his permanent partial disability award. ECF No. 17. The Court entered a Second Scheduling Order on October 27, 2021, and a status conference in this matter remains scheduled for July 28, 2022. ECF No. 18.

Subject of this Memorandum Opinion and Order, Defendants filed Motion for Leave to File Amended Answer [ECF No. 23], requesting leave to assert the affirmative defense of comparative fault pursuant to West Virginia Code § 55-7-13a et seq., as their ninth defense. ECF No. 24-1. Plaintiffs oppose, citing futility because Defendants are prohibited from asserting comparative fault as an affirmative defense in deliberate intent actions. ECF No. 25.

### III. LEGAL STANDARD

Under Rule 15, after 21 days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend "should be denied only when the amendment would be prejudicial to the opposing party,

there has been bad faith on the part of the moving party, or the amendment would have been futile." Sciolino v. Newport News, 480 F.3d 642, 651 (4th Cir. 2007) (quoting Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006)). An amendment's level of prejudice "will often be determined by the nature of the amendment and its timing." Laber, 438 F.3d at 427. Leave should be freely given "absen[t] . . . any apparent . . . reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

### IV. ANALYSIS

Defendants seek leave to amend the answer by adding the affirmative defense of comparative fault, primarily relying on the 2015 revisions to West Virginia comparative negligence law specifically the near total abolition of claims for contribution given the establishment of several liability as the norm. See W. Va. Code § 55-7-13c; W. Va. Code § 55-7-13d. As the Supreme Court of Appeals of West Virginia has noted, these relatively new statutes "purport to fully occupy the field of comparative fault and the consideration of 'the fault of parties and nonparties to a civil action.'" Modular Bldg. Consultants of W. Va., Inc. v. Poerio, Inc., 774 S.E.2d 555, 567 n.12 (W. Va. 2015).

W. Va. Code § 55-7-13a(b) allocates the principle of comparative fault to deliberate intent claims:

> In any action based on tort or any other legal theory seeking damages for personal injury, property damage, or wrongful death, recovery shall be predicated upon principles of comparative fault and the liability of each person, including plaintiffs, defendants and nonparties who proximately caused the damages, shall be allocated to each applicable person in direct proportion to that person's percentage of fault.

W. Va. Code § 55-7-13a(b). "Comparative fault" is defined as "the degree to which the fault of a person was a proximate cause of an alleged personal injury or death or damage to property, expressed as a percentage." W. Va. Code § 55-7-13a(a). Fault is determined according to § 55-7-13c. Id.

Defendants specifically cite W. Va. Code § 55-7-13b in support of their motion. § 55-7-13b defines "fault" to mean

> an act or omission of a person, which is a proximate cause of injury or death to another person or persons, damage to property, or economic injury, including but not limited to, negligence, malpractice, strict product liability, absolute liability, liability under section two, article four, chapter twenty-three of this code or assumption of risk.

Defendants also refer to W. Va. Code § 55-7-13c. W. Va. Code § 55-7-13c(a) provides that "[i]n any action for damages, the liability of each defendant for compensatory damages shall be several only and may not be joint." Defendants may only be held liable for the

amount of compensatory damages allocated to that defendant based on its percentage of fault. W. Va. Code §55- 7-13c(a). The statute provides an initial exception to this general rule where two or more defendants "consciously conspire and deliberately pursue a common plan or design to commit a tortious act or omission." Id. In such cases, liability may be joint and a right of contribution from other defendants exists. Id.

> Any fault chargeable to the plaintiff shall not bar recovery by the plaintiff unless the plaintiff's fault is greater than the combined fault of all other persons responsible for the total amount of damages, if any, to be awarded. If the plaintiff's fault is less than the combined fault of all other persons, the plaintiff's recovery shall be reduced in proportion to the plaintiff's degree of fault.

W. Va. Code § 55-7-13c(c).

Plaintiff largely relies upon Roberts v. Consolidation Coal Co., 539 S.E.2d 478 (W. Va. 2000). The Roberts decision is inapposite here. Initially, section 55-7-13d became effective well after that decision was handed down. See Modular Bldg. Consultants of W. Va., Inc. v. Poerio, Inc., 744 S.E.2d 555, 567 n.12 (W. Va. 2015) (noting a new series of statutes, including section 55-7-13d, "purport to fully occupy the field of comparative fault"); see also Clovis v. J.B. Hunt Transport, Inc., No. 1:18- CV-147, 2019 WL 4580045, at *3 n.4 (N.D.W. Va. Sept. 20, 2019) ("This Court does not perceive W. Va. Code § 55-7-13 to 'purport' to address the comparative fault issues in this case. Instead, this Court

believes these sweeping statutory provisions completely govern the issues raised in the pending motion as well as civil actions seeking recovery for the actionable negligence of others.").[1]

In Roberts, the Court examined whether an employer-defendant could assert contributory or comparative negligence of an employee-defendant as a defense in a deliberate intent action under section 23-4-2. In finding such defenses were not permitted, the court focused on the specific language of the statute, which required proof of five specific elements to sustain a claim for liability **against an employer** for workplace injuries. The issue in Roberts relied upon by Plaintiff is **claims against the employer** – claims for liability and money damages – by either the injured employee or a defendant seeking contribution. Plaintiffs rely on another pre-2015 case, Master Mechanical Insultation, Inc. v. Simmons, 753 S.E.2d 79 (W. Va. 2013), at syllabus point 3: "When

---

[1] Although addressing non-party fault in deliberate intent actions, this Court has found W. Va. Code § 55-7-13d applies to claims under W. Va. Code § 23-4-2. See Taylor v. Wallace Auto Parts & Servs., Inc., No. 2:19-CV-27, 2020 WL 1316730 (N.D.W. Va. Mar. 19, 2020) and Metheny v. Deepwell Energy Servs., LLC, No. 5:20-CV-54, 2021 WL 2668821 (N.D.W. Va. June 29, 2021). The Supreme Court of Appeals of West Virginia recently adopted that same reasoning resolving an apparent disagreement among trial courts. See State ex rel. March Westin Company, Inc. v. Gaujot, Case No. 21-0577, 2022 WL 831523 (W. Va. Mar. 21, 2022). Defendants appear to desire to assert a comparative fault defense against Plaintiff, as opposed to a non-party, in their Amended Answer. Regardless, without deciding the issue's merits, the Court cannot conclude such an amendment is futile in light of the liberal amendment standard required under Rule 15.

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION FOR LEAVE TO FILE AMENDED ANSWER [ECF NO. 23]**

an employee asserts a deliberate intention cause of action against his/her employer, pursuant to W. Va. Code §§ 23-4-2(b)-(c) (1991) [], the employer may not assert the employee's contributory negligence as a defense to such action." (citing Syl. Pt. 8, Roberts). This case too is unsupportive of Plaintiffs' position. A plain reading of the statute now reveals the West Virginia Legislature explicitly manifested that the comparative fault theory applies to all causes of action, including actions brought under West Virginia Code § 23-4-2.

The Court finds good cause in Defendants' motion. The Court finds no "undue delay, bad faith or dilatory motive" by Defendants, nor have they engaged in "repeated failure to cure deficiencies by amendments previously allowed," as this is their first motion for leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962). While the deadline to amend pleadings passed on December 6, 2021, the parties' completion of discovery deadline remains scheduled for August 12, 2022, with a jury trial date scheduled six (6) months after that. The Court finds no undue delay from this out-of-time amendment.

Certainly there is no undue prejudice to Plaintiffs by Defendants amending their answer to assert an affirmative defense, and the amendment is likewise not futile. Id. Again, this Court does not perceive W. Va. Code § 55-7-13a to 'purport' to address comparative fault issues presented in this case. Instead, this

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION FOR LEAVE TO FILE AMENDED ANSWER [ECF NO. 23]**

Court believes these sweeping statutory provisions completely govern civil actions seeking recovery for the actionable negligence of others. Because comparative fault is contemplated within the language of W. Va. Code § 55-7-13a, and no prejudice to Plaintiffs exist, Defendants are granted leave to assert their defense.

### V. CONCLUSION

For these reasons, the motion to amend is **GRANTED** [ECF No. 23]. The Court **DIRECTS** the Clerk to extract the proposed Amended Answer, which is currently docketed at ECF No. 24-1, and file it as the Amended Answer in this action.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

**DATED:** July 26, 2022

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA